UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-02362-MRA-DSR | Date | August 27, 2026 |
| Title | *Dena Peterson v. Asing, Inc. et al* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

On August 24, 2026, Plaintiff Dena Peterson filed this action against Defendants Asing, Inc., Marilyn Throop Mounce as Trustee of the Family Bypass Trust, and Does 1-10, asserting claims for (1) injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010-12213; (2) damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53; (3) damages pursuant to California's Disabled Persons Act, Cal. Civ. Code § 54; and (4) negligence. ECF 1.

Plaintiff maintains that the Court has "pendant [sic] jurisdiction" over the state law claims. *Id.* ¶ 7; *see* 28 U.S.C. § 1367(a). However, that a court *may* exercise pendent or supplemental jurisdiction "does not mean that jurisdiction *must* be exercised in all cases." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997). The Supreme Court has recognized that supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's choice." *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). The supplemental jurisdiction statute enumerates the following situations in which a district court can decline to exercise supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and comity.'" *Int'l Coll. of Surgeons*, 522 U.S. at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,

350 (1988)).

The Ninth Circuit has acknowledged that a "confluence of several California-law rules ha[s] combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." *Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021). Under the ADA, the only remedy available to a private litigant is prospective injunctive relief. 42 U.S.C. § 12188(a). However, in passing the Unruh Act, California "chose a different route" and created "a state law cause of action that relies dispositively on the ADA's substantive rules but that expands the remedies available in a private action." *Arroyo*, 19 F.4th at 1211; *see* Cal. Civ. Code §§ 52(a), 55.56(a), 55.56(f). This shift resulted in ADA-Unruh Act lawsuits "frequently target[ing] 'small businesses on the basis of boilerplate complaints' to pursue 'quick cash settlements rather than correction of the accessibility violation.'" *Arroyo*, 19 F.4th at 1207 (quoting Cal. Civ. Proc. Code § 425.55(a)(2)).

To address "concern[s] that high-frequency litigants may be using the [Unruh Act] to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others," California implemented a series of procedural reforms. *Id.* at 1211-12. In 2012, the Legislature adopted a heightened pleading standard for any "construction-related accessibility claim" under the Unruh Act, as defined at Cal. Civ. Proc. Code § 55.52(a)(1). *See* Cal. Civ. Proc. Code § 425.50(a) (2013). The special pleading rules require any plaintiff bringing a "construction-related accessibility claim" to file a verified complaint containing specific facts "sufficient to allow a reasonable person to identify the basis of the violation or violations supporting the[ir] claim." *Id.* §§ 425.50(a)(1)-(3), (b)(1). In 2015, the Legislature imposed additional requirements on "high-frequency litigant(s)," as defined at Cal. Civ. Proc. Code § 425.55(b)(1)-(2). *See Arroyo*, 19 F.4th at 1207. Under the stricter pleading standard, a "high-frequency litigant" must also disclose:

> (1) whether the complaint is filed by, or on behalf of, a high-frequency litigant; (2) in the case of a high-frequency litigant who is a plaintiff, the number of complaints alleging construction-related accessibility claims filed by the high-frequency litigant during the 12 months prior to filing the instant complaint; (3) the reason the individual was in the geographic area of the defendant's business; and (4) the reason why the individual desired to access the defendant's business.

*Id.* § 425.50(a)(4)(A)) (2015). The Legislature also imposed a "high-frequency litigant fee," above and beyond the ordinary civil filing fee. *See* Cal. Gov't Code § 70616.5 (2015).

In recognition of California's efforts to reduce the abuse of California's disability access laws, district courts within the state have determined that the interests of fairness and comity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-02362-MRA-DSR | Date | August 27, 2026 |
| Title | *Dena Peterson v. Asing, Inc. et al* | | |

counsel against exercising supplemental jurisdiction over "construction-related accessibility claims" under the Unruh Act, as well as related state law claims, brought by a "high-frequency litigant." *See, e.g.*, *Whitaker v. Mac*, 411 F. Supp. 3d 1108, 1116 (C.D. Cal. 2019) (declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claims because doing so would allow plaintiff to "circumvent restrictions California has imposed on Unruh Act claims"); *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (finding that it would be improper to allow plaintiff, a high-frequency litigant, to "use federal court as an end-around to California's pleading requirements"); *see also Arroyo*, 19 F.4th at 1211 (holding that the district court's "principal justification" for declining supplemental jurisdiction—that "the distinctive configuration of California-law rules" would be "rendered ineffectual if the district court were to exercise supplemental jurisdiction"—was not an abuse of discretion).

In light of the foregoing, the Court hereby orders Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act and related state law claims in this matter. *See* 28 U.S.C. § 1367(c). In responding to this Order to Show Cause:

1. Plaintiff must identify the amount of statutory damages sought.
2. Plaintiff and Plaintiff's counsel shall support their Response with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if Plaintiff and Plaintiff's counsel meet the definition of "high-frequency litigant" as provided by California Civil Procedure Code section 425.55(b)(1)-(2). This includes, but is not limited to:
    a. The number of "construction-related accessibility claims" filed by Plaintiff in the 12 months preceding the filing of the present claim; and
    b. The number of "construction-related accessibility claims" in which Plaintiff's counsel has represented "high-frequency litigant" plaintiffs in the 12 months preceding the filing of the present claim.

**Plaintiff shall file a response to this Order to Show Cause no later than 14 days from the date of this Order.** Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act and related state law claims pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

\- : -

Initials of Deputy Clerk mku